McKinney, J.-,
delivered the opinion of the Court.
This hill was brought to recover a sum of money belonging to the complainant, alleged to have been wrongfully received by the defendant, Gates, from McEl-rrath, under eolor ef a void proceeding before a justice ■of the peaee. The Chancellor decreed for the complainant, against McElrath, but dismissed the hill as to, Gates, and from the latter part of the decree, the complainant appealed.
*600 The facts appear to be: That on the 28th of March, 1855, one William Croom placed in the hands of the defendant, McElrath, (an attorney at law,) for collection, three promissory notes on W. B. Bright and others, each for the sum of $162.00; and took his receipt for the same in the usual form. Shortly afterwards, to-wit, on the 2d of April, 1855, Croom sold said notes, for a valuable eoDsideration, to the complainant; and underneath the receipt of McElrath, made the following assignment: “For value received, I assign the within claims to W. R. Haynes, and do guarantee the solvency of the same. April 2d, 1855. , WM. CROOM.”
It is alleged in the bill, that McElrath was notified-.of the assignment of the notes by Croom to the complainant. This allegation is denied by McElrath in his answer ; but the fact is fully proved by Croom, that he, in person, gave notice to McElrath of the transfer of the notes, and directed him to pay the money, when collected, to complainant; and that he promised to dose. And the testimony of Oroom is corroborated by a letter from McElrath to complainant, under date November 5th, 1856, a copy of which is set forth in the record.
It appears, that after the money due upon said notes had been collected by McElrath, a garnishment process was served on the latter, on the 9th of March, 1857, at the instance of defendant, Gates, who- claimed to be a judgment creditor of Croom. And on his examination, as garnishee, McElrath stated that he had received, as attorney of Croom, and had in his hands, the sum of $491.91; and that he had received from Croom no written or verbal order to pay the same to any person. *601 Upon this statement the Justice rendered' judgment against the defendant, McElrath, as garnishee, for $320.25, the amount of Gates’ debt; and, thereupon,- McElrath 'jjajd^, over said amount to Gates.
For the defendant, Gates, it is insisted',' th-at, all other questions aside, the judgment on the garnishment, so long as it remains in force, is a protection- to- him against the relief sought by the complainant. Phis is denied by the complainant’s counsel; and it is- argued that the defendant is liable to refund the money :■ first, upon the ground that the garnishment proceeding was void; and, secondly, that even if it were admitted to be otherwise, still, that inasmuch as the proceeding was ex-parte, and was set on foot with full knowledge on the part of Gates, that the money belonged to the complainant, and not to Croom, that he cannot be permitted to retain it.
The basis of the garnishment is a supposed judgement obtained by Gates against Croom and Russell, by motion, before a justice of the peace, for money paid by the former as security of the latter. The so-called judgment is as follows: “ In this case, I give judgment in favor of W. H. Gates for $314.00, on his motion, as security for William Croom and James F. Russell ;■ founded on a judgment, Ho. 4364.” According to the-settled course of decision of this Court, the foregoing judgment is simply void. It has been uniformly held, that, in these summary proceedings, enough must appear upon the record to show that the tribunal has jurisdiction; and, likewise, all the facts necessary to authorize the judgment, must be assumed therein. 10 Yer., 310, 314. According to this rule, the judgment in ques *602 tion is destitute of all the necessary requisites to a valid judgment. It is a mere' nullity, and of course can affitirq the defendant no protection.
But even if the judgment were valid, the defendant, Oates, could not, under the circumstances of this case, resist the decree sought against him. It is sufficiently established, by the allegation of the bill and the admission of the answer, that very shortly before taking out the process of garnishment, the defendant, Oates, acquired information from a conversation with the complainant, of the fund in the hands of McElrath; and that complainant claimed said fund as belonging to him, by purchase from Croom.
With knowledge of this fact, thus acquired, as appears from the record, Gates resorted to the proceeding-before mentioned, in order to appropriate the fund to the satisfaction of his demand against Croom and Russell. This he cannot be permitted to do. It would be, in the view of a Court of Equity, a manifest fraud on the rights of the complainant. The money belonged to the complainant; Croom had no claim to it; and no creditor of his had any right, under color of legal process, or otherwise, to possess himself of it: And in doing so, the defendant, Gates, must be regarded, in equity, as having received it, and as holding it as the money of the complainant. He is, therefore, clearly liable to refund it. And the result would, perhaps, be the same, even though he had obtained possession of the money in ignorance of the fact that it belonged to the complainant.
The decree will be reversed, and a decree rendered for the complainant.